UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------

CARLTON MURRAY,

                              Petitioner,                       **MEMORANDUM & ORDER**
                                                                                         19-CV-767 (MKB)

                                   v.

ROBERT CUNNINGHAM, Superintendent,
Fishkill Correctional Facility,

                              Respondent.

---------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

       Petitioner Carlton Murray, currently incarcerated at Fishkill Correctional Facility, brings the above-captioned habeas corpus petition pursuant to 28 U.S.C. § 2254, in which he alleges that he is being held in state custody in violation of his federal constitutional rights. (Pet., Docket Entry No. 1.) Petitioner's claims arise from judgments of conviction after a consolidated jury trial in the Supreme Court of the State of New York, Queens County, for assault in the second degree, two counts of criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, intimidating a victim or a witness in the third degree, and aggravated harassment in the second degree. (*Id.* at 2); *People v. Murray*, 63 N.Y.S.3d 82, 83 (N.Y. App. Div. 2017), *leave to appeal denied*, 30 N.Y.3d 1118 (2018). Currently before the Court is Petitioner's request to hold his petition in abeyance so that he may file a motion to vacate his conviction pursuant to New York Criminal Procedure Law ("CPL") section 440.10 ("440 Motion") in state court, and exhaust his unexhausted claims. (Mot. to Stay Habeas Corpus Proceedings ("Stay Mot."), Docket Entry No. 5.) For the reasons set forth below, the Court denies without prejudice Petitioner's motion to hold his petition in abeyance.

## I. Background

On January 12, 2015, the Queens County Supreme Court rendered two judgments against Petitioner following a consolidated jury trial, convicting him of assault in the second degree, two counts of criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, intimidating a victim or a witness in the third degree, and aggravated harassment in the second degree. (Pet. 2); *Murray*, 63 N.Y.S.3d at 83. Petitioner was sentenced "to eight years for the second-degree weapons possession charges, and lesser concurrent sentences for the other crimes." (Resp't Mot. for Extension of Time to File Answer ("Resp't Mot.") 1, Docket Entry No. 10; *see also* Pet. 2.)

Petitioner appealed his conviction to the New York Appellate Division, Second Department, claiming: (1) the trial court improperly denied his motion to dismiss the indictments on the ground of deprivation of his right to a speedy trial because the People were not ready for trial within six months of commencement of the action; (2) ineffective assistance of counsel because Petitioner's trial counsel misapprehended the law and failed to review certain evidence with Petitioner and adequately prepare him to testify at trial; (3) ineffective assistance of counsel because Petitioner's trial counsel operated under a conflict; and (4) legally insufficient evidence to convict Petitioner of intimidating a witness. (Pet. 3); *Murray*, 63 N.Y.S.3d at 83–84. On October 18, 2017, the Appellate Division affirmed the conviction, finding that: (1) the People were ready for trial within six months; (2) there was legally sufficient evidence to establish, beyond a reasonable doubt, Petitioner's guilt of intimidating a victim or witness; and (3) the Appellate Division could not resolve, without reference to matters outside the record, Petitioner's ineffective assistance of counsel claim that trial counsel did not review certain evidence with Petitioner or adequately prepare him to testify, and therefore a 440 Motion proceeding would be

the appropriate method to seek review of the claim. *Murray*, 63 N.Y.S.3d at 83–84;[1] (*see also* Pet. 3). Petitioner sought leave to appeal from the New York Court of Appeals, raising the same grounds as raised before the Appellate Division. (*See* Pet. 3–4.) The New York Court of Appeals denied leave to appeal on February 9, 2018. *People v. Murray*, 30 N.Y.3d 1118 (2018); (*see also* Pet. 3–4).

On February 6, 2019, Petitioner filed a timely appeal with the Court, which includes exhausted and unexhausted claims. (Pet.) Petitioner raises four grounds for federal review: (1) actual innocence pursuant to newly discovered evidence; (2) ineffective assistance of trial counsel based on counsel's failure to call defense witnesses and properly prepare Petitioner for cross-examination, and for introduction of evidence that was materially refuted by the prosecution; (3) ineffective assistance of trial counsel because counsel was operating under a conflict; and (4) legally insufficient evidence to convict Petitioner of intimidating a witness. (*Id.* at 6–11.)

Petitioner alleges that he failed to exhaust his actual innocence claim because it involves "newly discovered evidence supporting Petitioner's innocence — namely that he did not possess a gun prior to the altercation" underlying his conviction, and that such a claim "[c]annot be raised on direct appeal," and "may only be filed under a post-conviction motion, as the facts included were not presented to the trial court." (*Id.* at 6–7.) Petitioner also alleges that he failed to exhaust his ineffective assistance of trial counsel claims because the "Appellate Division

---

[1] Although Petitioner contends that on appeal he also asserted a claim of ineffective assistance of counsel based on trial counsel's conflict, (Pet. 3), the Appellate Division's opinion affirming Petitioner's conviction makes no reference to such a claim. Because the state court record has not been filed with the Court as of the time of writing, the Court cannot confirm this basis for appeal.

3

refused to hear the claims . . . because they contain facts outside of the record."[2] (*See, e.g.*, *id.* at 10.) Petitioner requests that the Court hold his petition in abeyance to allow him to return to state court to exhaust his three unexhausted claims. (*See* Pet. 6, 16; Stay Mot. (noting that Petitioner "intends to exhaust his state remedies prior to litigating" claims in federal court).) At the time of filing his motion to stay on February 11, 2019, Petitioner informed the Court that he "intend[ed] to file his state motion to vacate . . . within the next [thirty] days." (*Id.*)

On March 13, 2019, the New York Office of the Attorney General filed an opposition to Petitioner's motion to stay. (Letter in Opp'n to Stay Pet. ("Resp't Opp'n"), Docket Entry No. 7; *see also* Resp't Mot.)

## II. Discussion

### a. Standard of review

When a habeas petition is a "mixed" one — that is, one containing both exhausted and unexhausted claims — a district court has discretion to hold the petition in abeyance to permit a petitioner to exhaust the unexhausted claims, provided that the "petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that [he] engaged in intentionally dilatory litigation tactics." *Rhines v. Weber*, 544 U.S. 269, 278 (2005).

### b. Petitioner has not shown good cause for failure to exhaust his claims

As several district courts in the Second Circuit have noted, "[t]he Supreme Court and the Second Circuit have yet to define what constitutes 'good cause' under *Rhines*." *Henry v. Lee*,

---

[2] Petitioner's claim that there was legally insufficient evidence to convict him of intimidating a witness has been exhausted because it was raised before the Appellate Division, and Petitioner sought leave to appeal on the same claim to the New York Court of Appeals. *Murray*, 63 N.Y.S.3d at 84; (Pet. 11).

No. 12-CV-5483, 2013 WL 1909415, at *6 (E.D.N.Y. May 8, 2013); *see also Cordero v. Miller*, No. 15-CV-0383, 2018 WL 3342573, at *2 (W.D.N.Y. July 9, 2018), *reconsideration denied*, No. 15-CV-0383, 2018 WL 4846272 (W.D.N.Y. Oct. 5, 2018). District courts in this Circuit have primarily followed two different approaches in determining whether the *Rhines* "good cause" requirement has been met. Some courts find "that a petitioner's showing of 'reasonable confusion' constitute[s] good cause for failure to exhaust his claims before filing in federal court."[3] *Whitley v. Ercole*, 509 F. Supp. 2d 410, 417–18 (S.D.N.Y. 2007) (collecting cases) (noting that "[t]his . . . manner of defining 'good cause' would allow a petitioner to show the reasons, subjectively, for the delay in filing his petition").

Other courts require a more demanding showing — that some external factor give rise to the petitioner's failure to exhaust the claims. *See, e.g.*, *Ramdeo v. Phillips*, No. 04-CV-1157, 2006 WL 297462, at *5 (E.D.N.Y. Feb. 8, 2006) (collecting cases and noting that such "courts have reasoned that 'good cause,' like 'cause' in the procedural default context, must arise from an objective factor external to the petitioner which cannot fairly be attributed to him or her" (internal quotation marks and citations omitted)); *see also Whitley*, 509 F. Supp. 2d at 417

---

[3] This interpretation arises from the Supreme Court's dicta in *Pace v. DiGuglielmo*, 544 U.S. 408 (2005), a case in which the Court opined that "[a] petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' for him to file in federal court." *Pace*, 544 U.S. at 416; *see also Davis v. Graham*, No. 16-CV-0275, 2018 WL 3996424, at *2 (W.D.N.Y. Aug. 21, 2018) ("Some district courts interpret the Supreme Court dictum in *Pace v. DiGuglielmo*, 544 U.S. 408 (2005), to suggest that a petitioner's reasonable confusion about exhaustion and state filing deadlines constitutes 'good cause.'" (citation omitted)); *Young v. Great Meadow Corr. Facility Superintendent*, No. 16-CV-1420, 2017 WL 480608, at *5–6 (S.D.N.Y. Jan. 10, 2017) (noting that "[s]everal district courts have interpreted *Pace* to indicate that 'good cause' for an order of stay and abeyance need not be based on any factor external to petitioner but rather is 'a broader, more forgiving concept.'" (quoting *McCrae v. Artus*, No. 10-CV-2988, 2012 WL 3800840, at *9 (E.D.N.Y. Sept. 2, 2012)).

5

(noting that under the more demanding approach, "a 'good cause' requirement would look for some reason, external to [the p]etitioner, to explain [the p]etitioner's delay in raising the issue of ineffective representation, from April 18, 2002, when [the] conviction was entered, to November 28, 2006," when the 440 motion was filed).

Because Petitioner has not presented sufficient information for the Court to make a good cause determination under either standard, the Court denies his motion.

i. **Actual innocence claim**

Petitioner states that he failed to exhaust his actual innocence claim[4] because it involves "newly discovered evidence supporting Petitioner's innocence — namely that he did not possess a gun prior to the altercation"[5] underlying his conviction, and that such a claim "[c]annot be raised on direct appeal" and "may only be filed under a post-conviction motion, as the facts included were not presented to the trial court." (Pet. 6–7.)

Newly discovered evidence can at times serve as good cause for failure to exhaust a claim. *See, e.g.*, *Spurgeon v. Lee*, No. 11-CV-00600, 2011 WL 1303315, at *2 (E.D.N.Y. Mar.

---

[4] The Court notes that the Supreme Court has yet to resolve whether a non-capital prisoner is entitled to habeas relief based on a freestanding claim of actual innocence. *See Jones v. Annucci*, 124 F. Supp. 3d 103, 123–24 (N.D.N.Y. 2015) ("[T]he Supreme Court has not resolved whether a non-capital prisoner may be entitled to habeas relief based on a freestanding claim of actual innocence." (citing *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013); *House v. Bell*, 547 U.S. 518, 554–55 (2006); *Dist. Attorney's Office v. Osborne*, 557 U.S. 52, 71–72 (2009))); *Cole v. Walsh*, No. 05-CV-736, 2009 WL 3124771, at *4–6 (E.D.N.Y. Sept. 29, 2009) ("Courts have yet to precisely resolve the question of whether a freestanding claim of actual innocence may serve as a basis of habeas relief."). Because the Court denies the motion to stay for failure to show good cause under *Rhines*, and because neither party has raised the issue to the Court, the Court declines, at this time, to consider whether it may address Petitioner's actual innocence claim in the manner presented to the Court.

[5] According to the Appellate Division's opinion, Petitioner's "convictions were based, in part, on evidence that the defendant pulled a gun on his nephew, who was shot multiple times during an ensuing struggle for the gun." *Murray*, 63 N.Y.S.3d at 83.

31, 2011) (granting stay for petitioner to "exhaust his newly discovered evidence of innocence claim"); *George v. Brewer*, No. 19-CV-10483, 2019 WL 1584530, at *3 (E.D. Mich. Apr. 12, 2019) ("The [c]ourt finds that [p]etitioner's assertion that the claims are based upon newly discovered evidence is sufficient to show good cause for failing previously to present these claims."); *Zornes v. Smith*, No. 16-CV-1730, 2016 WL 6650852, at *4 (D. Minn. Oct. 17, 2016), *report and recommendation adopted*, 2016 WL 6637697 (D. Minn. Nov. 8, 2016) ("[W]here new evidence . . . not part of the state court record is relevant to an otherwise exhausted claim, some courts have determined that the appropriate course of action is to stay the habeas proceeding and hold it in abeyance." (collecting cases)).

However, the Court is unable to determine from the information provided whether Petitioner had good cause for failing to previously raise his actual innocence claim in state court. Petitioner does not explicitly address the issue of good cause, and apart from describing the newly discovered evidence as "namely that he did not possess a gun prior to the altercation," Petitioner provides no further information about the nature of such evidence, including when it was "discovered," why he did not possess this evidence during trial, or why he did not file a 440 Motion on the basis of such evidence prior to filing his habeas petition. Without more, Petitioner cannot meet the *Rhines* good cause standard. *See, e.g.*, Boykins v. Superintendent Auburn Corr. Facility*, No. 12-CV-548, 2015 WL 3604030, at *4 (W.D.N.Y. June 5, 2015) (finding no good cause where "[p]etitioner claim[ed] that his newly discovered evidence was just recently secured and it shows his actual innocence 'in that petitioner was not the co-defendant/accomplice of the crime, but a victim of a look-alike misidentification,' but fail[ed] to state what this newly discovered evidence is or how it establishes that he was the victim of mis-identification"); *Sherrill v. Dir., TDCJ-CID*, No. 15-CV-381, 2018 WL 3327935, at *4 (E.D. Tex. July 5, 2018)

(finding no good cause for failure to exhaust an actual innocence/newly discovered evidence claim where the petitioner "state[d] that his newly discovered evidence is 'exculpatory' and 'of constitutional magnitude,'" but did not provide any specifics about his claim); *Turner v. Chiesa*, No. 12-CV-5224, 2013 WL 2650506, at *3 (D.N.J. June 11, 2013) (denying stay where, although petitioner claimed that new affidavits from several witnesses could prove his actual innocence, "[p]etitioner d[id] not disclose to the [c]ourt the names of the witnesses or their purported affidavits" and petitioner "provide[d] no information as to when [the newly discovered evidence] was discovered"); *see also Zornes*, 2016 WL 6650852, at *8 ("Courts have found good cause applying the *Rhines* test where unexhausted claims arise out of newly-discovered evidence, such as expert opinions . . . . However, courts have found that the good cause standard is not satisfied where the request is unexplained and unsupported.").[6]

---

[6] Conversely, courts have granted stay requests in cases where the petitioner provided detailed information surrounding the newly discovered evidence, including specifics about the type of evidence and when it was discovered. *See, e.g.*, *Hanzlik v. Joseph*, No. 17-CV-6577, 2018 WL 2290699, at *1 (S.D.N.Y. May 18, 2018) (granting stay where "petitioner's counsel received new evidence in the form of recently unsealed plea minutes from the prosecution's central cooperating witness in the case against petitioner"); *Haywood v. Griffin*, No. 16-CV-3870, 2017 WL 961739, at *1–2 (S.D.N.Y. Mar. 13, 2017) (finding good cause for failure to exhaust *Brady* claim regarding the improper suppression of psychiatric records of a prosecution witness because petitioner could not have exhausted based on evidence he was not aware of); *Spurgeon*, 2011 WL 1303315, at *2 (granting stay regarding newly discovered evidence where petitioner had provided details as to when information in the form of a new eyewitness was learned of, and noted that witness would sign an affidavit); *Cross v. White*, No. 15-CV-00158, 2016 WL 737939, at *7 (W.D. Ky. Feb. 23, 2016) (granting stay regarding newly discovered evidence for actual innocence claim where petitioner mentioned that the evidence was discovered after direct appeal and the filing of a motion to vacate in state court); *Horning v. Martel*, No. 10-CV-1932, 2011 WL 5921662, at *1 (E.D. Cal. Nov. 28, 2011), *report and recommendation adopted*, 2012 WL 163784 (E.D. Cal. Jan. 19, 2012) (granting stay for actual innocence claim where newly discovered evidence consisting of a letter blaming the murder on an individual other than petitioner was not discovered until after federal proceedings commenced); *Brown v. Ludwick*, No. 09-CV-11655, 2009 WL 5217984, at *2 (E.D. Mich. Dec. 30, 2009) (granting stay regarding newly discovered evidence where petitioner declared that he previously lacked knowledge of the evidence discovered by a police crime laboratory); *Thornton*

### ii. Ineffective assistance of trial counsel claims

Petitioner states that he failed to exhaust his ineffective assistance of trial counsel claims because the "Appellate Division refused to hear the claims . . . because they contain facts outside of the record." (*See, e.g.*, Pet. 10.) As to Petitioner's argument before the Appellate Division "that he was deprived of the effective assistance of counsel because counsel did not review certain evidence with him and did not adequately prepare him to testify at trial," on October 18, 2017, the Appellate Division found that "[s]ince the [Petitioner's] claim . . . [could not] be resolved without reference to matter outside the record, a CPL 440.10 proceeding would be the appropriate forum for reviewing the claim in its entirety." *Murray*, 63 N.Y.S.3d at 84 (citations omitted). At the time of filing his motion to stay on February 11, 2019, Petitioner informed the Court that he "intend[ed] to file his state motion to vacate . . . within the next [thirty] days." (*Id.*)

In its March 13, 2019 response, Respondent argued that Petitioner had not shown good cause for his failure to first exhaust his claims in state court and that "[d]espite the passage of over a year, [P]etitioner has not filed a motion to vacate judgment, and has not offered any reason for why he failed to do so." (Resp't Opp'n 1.) In Respondent's July 25, 2019 motion for an extension of time to file its answer, Respondent wrote:

> Even after [R]espondent opposed the motion, counsel offered no reason why [P]etitioner failed to exhaust his claims before filing the habeas petition, or allege any facts for [R]espondent or this Court to determine whether the claims were plainly meritless. The Court of Appeals denied [P]etitioner's leave application almost a year and one-half ago, and more than five months have passed since counsel asserted that he was filing a motion to vacate judgment "within the next [thirty] days." As of this writing, counsel still has not filed a

---

*v. Butler*, No. 03-CV-0755, 2007 WL 4463750, at *4 (E.D. Cal. Dec. 17, 2007), *report and recommendation adopted*, 2008 WL 343830 (E.D. Cal. Feb. 6, 2008) (granting stay regarding newly discovered evidence for actual innocence claim where a declaration of an inmate admitting to the crime for which petitioner was convicted had been sent to petitioner's co-defendant).

motion to vacate judgment, and three of the four claims remain unexhausted.

(Resp't Mot. 2.)

Petitioner has not filed a reply to Respondent's opposition and has not explicitly provided any reasons for why he had not filed a 440 Motion at the time of filing his habeas petition, despite the Appellate Division's decision that a 440 Motion was the proper avenue to pursue such claims. It appears that Petitioner still has not filed his 440 Motion to exhaust his unexhausted claims.[7] Petitioner has therefore not satisfied the *Rhines* good cause standard for failure to exhaust these claims. *See Young v. Great Meadow Corr. Facility Superintendent*, No. 16-CV-1420, 2017 WL 480608, at *6 (S.D.N.Y. Jan. 10, 2017) (denying stay because "[t]o the extent [petitioner's] claim for ineffective assistance of trial counsel . . . . arises from matters outside of the trial court record, petitioner offers no explanation for his failure to file a § 440.10 motion either while his direct appeal was pending, or at any time since . . . [the] New York Court of Appeals denied him any relief"); *Boykins*, 2015 WL 3604030, at *4 (denying stay where "[p]etitioner provides no reason for his failure not to raise this claim as well as his ineffective assistance claim in state court prior to filing the Amended Petition"); *Rodriguez v. Lee*, No. 10-CV-3451, 2011 WL 1362116, at *10 n.3 (S.D.N.Y. Feb. 22, 2011), *report and recommendation adopted*, No. 10-CV-3451, 2011 WL 1344599 (S.D.N.Y. Apr. 8, 2011) (noting that the petitioner "would struggle to demonstrate good cause for staying his petition" where "petitioner was explicitly notified by his appellate counsel that his claim for ineffective assistance of trial counsel was based on facts outside the record and would be properly raised in a 440.10 motion").

---

[7] In addition to Respondent's July 25, 2019 assertion that Petitioner had yet to file his 440 Motion, a search of the New York State Unified Court System's Electronic Case Filing system, https://iapps.courts.state.ny.us/nyscef/CaseSearch, did not return any results to suggest that Petitioner has filed his 440 Motion.

10

The Court therefore denies Petitioner's request without prejudice, and grants Petitioner thirty (30) days from the date of this Memorandum and Order to file a renewed motion to hold his petition in abeyance. Petitioner is directed that any renewed motion to stay should address the *Rhines* factors. *See Milton v. Racette*, 91 F. Supp. 3d 454, 456 (W.D.N.Y. 2015) (denying petitioner's motion to stay without prejudice and informing petitioner that a renewed stay motion should address the *Rhines* factors, "specifically (1) whether there is good cause for Petitioner's failure to exhaust his claims prior to bringing his federal habeas petition and (2) whether the unexhausted claims are plainly meritless"); *see also Larweth v. Conway*, No. 04-CV-0050, 2007 WL 57780, at *2 (W.D.N.Y. Jan. 5, 2007) (denying motion to stay mixed petition "without prejudice to re-filing upon a[n] adequate showing pursuant to *Rhines*, 544 U.S. at 277, that (1) there is good cause for petitioner's failure to exhaust the new claims, and (2) that the claim is not 'plainly meritless'").

In the alternative, Petitioner may seek to amend his petition to remove the unexhausted claims, and solely proceed on his exhausted claim. *Rhines*, 544 U.S. at 278 ("[I]f a petitioner presents a district court with a mixed petition and the court determines that stay and abeyance is inappropriate, the court should allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief." (citation omitted)).

### III. Conclusion

For the foregoing reasons, the Court denies without prejudice Petitioner's request to hold his petition in abeyance. The Court grants Petitioner thirty (30) days from the date of this Memorandum and Order to file a renewed motion to hold his petition in abeyance, or in the alternative, to amend his petition to remove his unexhausted claims and proceed on his exhausted

claim. If Petitioner does not file a renewed motion to hold his petition in abeyance or an amended petition, the Court will presume that Petitioner prefers to have the Court proceed on his exhausted claim alone, rather than dismiss his entire petition. *See Young*, 2017 WL 480608, at *6 ("[T]he Court will presume, unless petitioner expressly indicates otherwise in his reply brief or other filing, that he would rather withdraw his unexhausted claim than face the dismissal of his entire petition.").

Dated: September 10, 2019
      Brooklyn, New York

SO ORDERED:

    s/ MKB
MARGO K. BRODIE
United States District Judge